UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

OSBORNE GILES,

                Plaintiff,

  -vs-                      **No. 1:14-CV-00684 (MAT)**
                                **DECISION AND ORDER**
CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,
                Defendant.

---

## I.   Introduction

Represented by counsel, Osborne Giles ("plaintiff") brings this action pursuant to Title XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying his application for supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, the Commissioner's motion is granted.

## II.   Procedural History

The record reveals that in May 2012, plaintiff filed an application for SSI, alleging a July 1, 2009 amended onset date of disability. After his application was denied, plaintiff requested a hearing, which was held before administrative law judge Robert Harvey ("the ALJ") on October 11, 2012. The ALJ issued an

unfavorable decision on November 1, 2012. The Appeals Council denied review of that decision and this timely action followed.

**III. The ALJ's Decision**

At step one of the five-step sequential evaluation, see 20 C.F.R. § 416.920, the ALJ found that plaintiff had not engaged in substantial gainful activity since May 21, 2012, the application date. At step two, the ALJ found that plaintiff had the severe impairments of status post gunshot wound to the left side of the chest and right thigh; asthma; and adjustment disorder with anxiety and depression. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment.

Before proceeding to step four, the ALJ found that plaintiff retained the residual functional capacity ("RFC") to perform the broad world of work as defined in SSR 83-10, but with the following nonexertional limitations: he could not work in areas where he would be exposed to pulmonary irritants, cold, or dampness; he had occasional limitations in the ability to kneel; he had occasional limitations in the ability to understand, remember, and carry out detailed instructions; and he had occasional limitations in the ability to interact appropriately with the general public. At step four, the ALJ found that plaintiff could perform past relevant work as a service clerk or child monitor. Accordingly, the ALJ found plaintiff not disabled at step four and did not proceed to step five.

**IV. Discussion**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000).

**A.   Failure to Develop the Record**

Plaintiff contends that the ALJ failed to fully develop the record. Specifically, plaintiff argues that the ALJ failed to "clarify" the opinion of plaintiff's treating physician, Dr. Satish Arora, and failed to obtain more detailed treatment notes from the doctor, prior to giving little weight to the opinion. For the reasons discussed below, the Court finds that the administrative record was complete and that the ALJ did not fail to develop the record.

The regulations provide that although a claimant is generally responsible for providing evidence upon which to base an RFC assessment, before the Administration makes a disability determination, the ALJ is "responsible for developing [the claimant's] complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from

3

[the claimant's] own medical sources." 20 C.F.R. §§ 404.1545, 416.945 (citing 20 C.F.R. §§ 404.1512(d) through (f); § 416.912(d) through (e)). "Even though the ALJ has an affirmative obligation to develop the record, it is the plaintiff's burden to furnish such medical and other evidence of disability as the Secretary may require." Long v. Bowen, 1989 WL 83379, *4 (E.D.N.Y. July 17, 1989) (internal citations omitted).

Dr. Arora provided an August 20, 2012 opinion in which he opined that due to conditions of leg and chest pain, as well as asthma, plaintiff was "very limited" in lifting, carrying, pushing, pulling, bending, and stairs or other climbing; and was "moderately limited" in walking and standing. The record reveals that Dr. Arora treated plaintiff four times between May 7, 2012 and August 20, 2012, when he issued his opinion. Dr. Arora's opinion confirmed what the records showed as far as treatment, i.e., that plaintiff complained of limb pain, for which Dr. Arora prescribed Naprosyn and advised physical therapy. Dr. Arora's opinion, which notes that he diagnosed plaintiff's conditions on May 7, 2012 and June 4, 2012, supports the conclusion that Dr. Arora had no treatment relationship with plaintiff prior to May 2012, and therefore no additional records existed.

Thus, the treatment notes from Dr. Arora, while sparse, appear to be complete. There is no obvious indication from these records that any portion is missing. Accordingly, upon a review of the record, the Court finds that it is complete with no "obvious gaps."

4

See Rosa v. Callahan, 168 F.3d 72, 79 n.5 (2d Cir. 1999) ("[W]here there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim.") (internal quotation marks omitted); Hofner v. Colvin, 2016 WL 777306, *2 (W.D.N.Y. Feb. 29, 2016) ("The record in this case contains what appears to be a complete record of plaintiff's medical treatment . . . and therefore the ALJ did not have a duty to further develop the record."); Trimm v. Colvin, 2015 WL 1400516, *4 (N.D.N.Y. Mar. 26, 2015) ("While the ALJ certainly has an obligation to adequately develop the administrative record, the Court finds that there was no indication that the record was not fully development . . . because Plaintiff's medical records did not have any obvious gaps and appeared complete.").

Plaintiff argues that the ALJ should have sought further "clarification" of Dr. Arora's treatment notes because they contained little detail. Central to this argument is plaintiff's claim that the records, because not extremely detailed, were somehow incomplete. In Petti v. Colvin, 2014 WL 6783703, *13 (E.D.N.Y. Dec. 2, 2014), the court addressed and rejected a similar argument. The Court found that "the ALJ was not required to seek out additional information and could ascribe limited weight to [the treating physician's] opinion based on the fact that functional limitations were absent from the [two other physician's] reports

5

[as well as the treating physician's] reports prior to [the date the treating physician issued the opinion]." Id. (citing Alachouzos v. Commissioner, 2012 WL 601428, *6 (E.D.N.Y. Feb. 23, 2012) (rejecting argument that "if the treating physician's conclusions are unsupported by medical evidence, then the ALJ's duty to complete the record entails going out and developing more evidence until there is a basis for the treating physician's conclusions")). The same reasoning applies here. The plaintiff's perceived "incompleteness" of Dr. Arora's notes does not equate to an "obvious gap" in the record, and the ALJ's duty to further develop the record was therefore not triggered. See id.; Hofner, 2016 WL 777306, at *2; Trimm, 2015 WL 1400516, at *4. The Court thus finds that the ALJ did not err in failing to clarify Dr. Arora's opinion or treatment records.

The Court also notes that the ALJ did not reject Dr. Arora's opinion solely due to an apparent inconsistency between Dr. Arora's own treatment notes and his opinion, as plaintiff argues. Rather, in giving little weight to Dr. Arora's opinion, the ALJ noted that it was inconsistent with other substantial evidence in the record, including two consulting internal medicine examinations in the record. The first of those was completed by Dr. Kathleen Kelley on September 26, 2008, and the second was completed on June 25, 2012, by Dr. Samuel Balderman. Dr. Kelley – who completed her examination approximately 10 months prior to the alleged onset date of disability – opined that plaintiff should refrain from working

6

around areas with respiratory irritants and should have comfort breaks with regard to lifting, carrying, reaching, pushing, or pulling markedly heavy objects with his left upper extremity. Dr. Balderman, who assessed plaintiff during the relevant time period, reported an unremarkable physical examination and opined that plaintiff had no physical limitations. These two opinions provide substantial evidence in support of the ALJ's RFC, as well as a valid basis for rejecting Dr. Arora's more restrictive opinion.[1] See Petrie v. Astrue, 412 F. App'x 401, 405 (2d Cir. 2011) ("The report of a consultative physician may constitute . . . substantial evidence.") (citing Mongeur v. Heckler, 722 F.2d 1033, 1039 (2d Cir. 1983) (per curiam)).

B. **Failure to Evaluate Physical Therapy Records**

Plaintiff contends that the ALJ "failed to evaluate in any cogent way [p]laintiff's physical therapy records from May 2012 and September 2012." Doc. 7-1 at 19. The record contains three physical therapy treatment notes, which together comprise eight pages of the 332-page record.[2] The first, dated May 29, 2012, was an "initial evaluation" at which plaintiff complained of pain in the right thigh and left chest as a result of a shooting that occurred in May

---

[1] In giving less than controlling weight to Dr. Arora's opinion, the ALJ also noted that plaintiff had "very few office visits" with him, a fact which is confirmed by the record. See 20 C.F.R. § 416.927(c)(2)(I) (noting that "[g]enerally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion.").

[2] Curiously, the first two treatment notes incorrectly reference plaintiff as "female."

7

2004. On physical examination, plaintiff's range of motion ("ROM") and reflex testing of the lumbar spine were within normal limits; he had a positive tension sign in the right upper thigh but negative straight leg raise ("SLR") test; range of motion of the left shoulder was 175 degrees (normal is 180 degrees); and he had a "slight" limp. Plaintiff was diagnosed with chronic right thigh pain with intermittent numbness, with a fair prognosis. He was advised to attend physical therapy twice a week for four weeks.

On July 10, 2012, in a progress summary note, plaintiff was noted to have attended physical therapy four times since May 2012, with one no show and one cancellation. The note indicates that plaintiff had met two out of three of his "plan of care goals." He was assessed with a positive SLR at 60 degrees and a LEFS (lower extremity functional scale) of 34.[3] Once again, plaintiff was advised to attend physical therapy two times per week for four weeks.

The last physical therapy record, dated September 13, 2012, is another "initial evaluation." On physical examination, plaintiff's lumbar spine ROM and reflex testing were within normal limits; tension sign was positive in the right lower extremity for tingling but SLR was negative; slump test[4] was positive on the right but negative on the left; prone knee bend test was negative; hip motion

---

[3] The minimum score on this test is zero and the maximum is 80, with a higher score indicating higher functioning.

[4] The Slump Test is a neural tension test used to detect altered neurodynamics or neural tissue sensitivity.

was normal on the left and fair to good on the right; gross motion of the knee was normal on the left and normal to good on the right; in a balance test, plaintiff had a moderate ankle sway on the left and was unable to maintain balance on the right; and plaintiff had a limp favoring the right. Plaintiff was given instructions for home exercise and was once again advised to attend physical therapy twice a day for four weeks.

The ALJ did not discuss the physical therapy records in detail. Rather, the ALJ noted physical therapy just once, in finding that plaintiff had attended only a few visits to his primary care physician and treated only with over the counter pain relief medication, but had "no other treatment modalities with the possible exception of physical therapy." T. 31. Plaintiff argues that the ALJ impermissibly "ignored" the physical therapy notes. Doc. 7-1 at 16. As plaintiff recognizes, the ultimate inquiry is whether the ALJ's determination is supported by substantial evidence, and the ALJ is obligated to "consider all of the medical and nonmedical evidence." 16 C.F.R. § 416.945(d). However, although plaintiff is correct that the ALJ must generally consider and explicitly weigh each *medical opinion* of record, see 20 C.F.R. § 416.945(a)(3), the ALJ is not obligated to summarize every single medical record in the administrative transcript. See Barringer v. Comm'r of Soc. Sec., 358 F. Supp. 2d 67, 78 (N.D.N.Y. 2005) ("The ALJ was not required to mention or discuss every single piece of

9

evidence in the record.") (citing Mongeur v. Heckler, 722 F.2d 1033, 1040 (2d Cir. 1983)).

Rather, where "the evidence of record permits [the court] to glean the rationale of an ALJ's decision, [the ALJ is not required to explain] why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability." Mongeur, 722 F.3d at 1040. The ALJ's decision in this case was supported by substantial evidence which included two consulting examinations and the relatively sparse treatment notes of plaintiff's treating physician. The ALJ's conclusion that plaintiff received conservative care for his condition was supported by the record, and his reference to the physical therapy treatment notes indicate that he considered the records in his overall evaluation of disability.[5] See Rivera v. Colvin, 2015 WL 6142860, *6 (W.D.N.Y. Oct. 19, 2015) (finding that "ALJ was entitled to consider evidence that plaintiff pursued a conservative treatment as one factor in determining credibility") (citing Netter v. Astrue, 272 F. App'x 54, 56 (2d Cir. 2014)). Therefore, contrary to plaintiff's argument, the Court is able to "glean the rationale of [the] ALJ's decision." Mongeur, 722 F.2d at 1040.

---

[5] The ALJ also noted that plaintiff made inconsistent statements regarding his activities of daily living, socialization, and consumption of alcohol, and received unemployment benefits in 2010, 2011, and 2012. These observations, which are supported by the record, constitute further substantial evidence underlying the ALJ's decision. See, e.g., Rivera v. Colvin, 2015 WL 6142860, *6 (W.D.N.Y. Oct. 19, 2015) ("[T]he ALJ was . . . entitled to consider plaintiff's own inconsistent statements regarding his substance abuse as undermining his overall credibility."); Graham v. Colvin, 2014 WL 5465460, *6 (W.D.N.Y. Oct. 28, 2014) (finding that the ALJ reasonably determined that the plaintiff's statements were not entirely credible based in part on her application and receipt of unemployment benefits).

10

## V. Conclusion

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (doc. 7) is denied and the Commissioner's motion (doc. 10) is granted. The ALJ's finding that plaintiff was not disabled is supported by substantial evidence in the record, and accordingly, the complaint is dismissed in its entirety with prejudice.  The Clerk of the Court is directed to close this case.

**SO ORDERED.**

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated:   June 12, 2017
         Rochester, New York.